**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4008**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

RONALD EDDY, a/k/a Ronald Eddie,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Julie R. Rubin, District Judge.  (1:02-cr-00201-JRR-6)

_____

Submitted:  October 19, 2023                    Decided: November 16, 2023

_____

Before WILKINSON and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Sapna Mirchandani, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland; Christopher B. Leach, Carmen N. Longoria-Green, MAYER BROWN LLP, Washington, D.C., for Appellant.  Erek L. Barron, United States Attorney, Kim Y. Hagan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Eddy appeals the 60-month sentence imposed after the district court revoked his supervised release. On appeal, Eddy argues that the district court plainly erred in admitting ex parte and hearsay statements related to whether he used a real firearm during a robbery. Eddy also contends that the district court clearly erred in finding that he used a real firearm. Finding no reversible error, we affirm.

As Eddy appropriately concedes, because he did not object to the admission of the challenged evidence in the district court, we review for plain error. *United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022). To succeed on plain-error review, Eddy must "establish that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *Id.* (cleaned up). If Eddy makes this showing, we have discretion to correct the error and should do so "if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (internal quotation marks omitted).

A defendant at a revocation hearing has the right "to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). The parameters of this right are set forth in Fed. R. Crim. P. 32.1(b)(2)(C), which provides that a defendant is entitled to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." "[T]he district court *must* balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012)

2

(emphasis added). "[T]he reliability of the [hearsay] evidence is a critical factor in the balancing test under Rule 32.1," but not the beginning and end of the analysis. *United States v. Ferguson*, 752 F.3d 613, 617 (4th Cir. 2014). "[U]nless the [G]overnment makes a showing of good cause for why the relevant witness is unavailable, hearsay evidence is inadmissible at revocation hearings." *Id.* And "Rule 32.1(b)(2)(B) states that a person subject to a revocation hearing is entitled to disclosure of the evidence against him." *Combs*, 36 F.4th at 505.

Assuming that the district court erred and that its error was plain, we conclude that Eddy cannot establish that the error affected his substantial rights. "To establish the third prong of plain error, [the defendant] must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* at 507 (internal quotation marks omitted). In this context, Eddy must establish "a reasonable probability that the district court would have imposed a lower sentence." *Id.* at 508. The same standard applies for both Rules 32.1(b)(2)(B) and (C) because Eddy "need not rebut evidence he has never seen . . . in order to establish that he was prejudiced by the district court's reliance on that evidence." *Id.* at 508 n.2 (internal quotation marks omitted).

In *Combs*, we considered a similar claim of plain error when the district court considered ex parte statements from the defendant's wife, N.D. *See id.* at 504-05. In concluding that the defendant could not satisfy the third prong of plain-error review, we emphasized the district court "expressly consider[ed] several factors . . . in announcing the sentence," such as the defendant's "history of repeated violations of his conditions of supervised release, his continual drug use, the court's duty to protect public safety, and the

3

sentencing factors under 18 U.S.C. § 3553(a)." *Id.* at 508. While "the court mentioned that Combs had terrorized his ex-wife, it also referred to Combs' prior conviction for robbery with a dangerous weapon." *Id.* (internal quotation marks omitted). And based on the history of the case, "the court was already aware that Combs had terrorized N.D." *Id.* (internal quotation marks omitted). The court had previously disclosed "[a] letter N.D. . . . sent to the court [that] described her fear of Combs in detail." *Id.* Finally, "the conviction that formed the basis of the revocation proceedings . . . arose from a threatening message Combs sent to N.D., prompting her to call law enforcement." *Id.*

Here, while the district court sought the ex parte communications on its own initiative, Eddy in allocution first introduced a matter that surprised all the parties—his assertion that the gun used in the robbery was not real. In describing the nature and circumstances of the offense, the district court emphasized that the victims "on their impression" were held at gunpoint. (J.A. 65).[*] And in describing the need to protect the public, the district court considered the fact that counsel had not raised the issue in her presentation. Although the court expressed skepticism to Eddy's claim, it also emphasized that it simply had no way of ascertaining the truth. And the district court reiterated it was not going to penalize Eddy for raising the claim in mitigation, underscoring that "[a]ll [it] knew is that there was a conviction for robbery." (J.A. 68). The district court explained that robbery was a crime of violence and that its largest concern was that, when things got hard, Eddy chose to commit a crime rather than seek help through the resources available

---

[*] "J.A." refers to the Joint Appendix filed by the parties at ECF No. 16.

4

to him on supervision. Thus, the district court concluded that the breach of trust was "extraordinary." (J.A. 70). Accordingly, looking at the totality of the district court's remarks, we conclude that Eddy's sentence would not have been different if the court had not considered the ex parte statements and hearsay.

We also conclude that the district court did not make any clearly erroneous factual findings. "A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up). If a revocation sentence is both procedurally and substantively reasonable, we will not proceed to consider "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

A district court commits procedural error when it "imposes a sentence based on clearly erroneous facts." *United States v. Sueiro*, 59 F.4th 132, 141 (4th Cir. 2023) (cleaned up). A fact is clearly erroneous "when, after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Steffen*, 741 F.3d 411, 415 (4th Cir. 2013) (internal quotation marks omitted).

5

Eddy asks us to assume that because the district court did not accept his claim that the gun was fake it necessarily rejected it. In fact, the district court chose to give this claim no weight. This finding is not clearly erroneous. Considering all of the appropriate evidence in the record, Eddy's claim that the gun was fake was dubious. The district court knew that Eddy committed a robbery and had possessed a firearm that he admitted was real. It would have been reasonable to infer based on those facts that Eddy used the gun during the robbery. That the district court chose to instead make a neutral finding—that it did not know if Eddy used a real firearm but also that it did not know that Eddy used a fake firearm—is thus not clearly erroneous.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*